UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ARABICA FUNDING, INC. and CARIBOU
COFFEE COMPANY, INC.,

                Plaintiffs,

v.

BLUE CARIBOU CAFÉ LLC,

                Defendant.

_____/

Case No.
Hon.

BODMAN PLC
By:    Dennis J. Levasseur (P39778)
        Bridget M. Hathaway (P76409)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
dlevasseur@bodmanlaw.com
bhathaway@bodmanlaw.com

      - and –

DORSEY & WHITNEY LLP
By:    Elizabeth C. Buckingham
        (MN Bar No. 243152)
        Peter M. Lancaster
        (MN Bar No. 159840)
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
(612) 340-7811
Buckingham.Elizabeth@dorsey.com
Lancaster.Peter@dorsey.com

Attorneys for Plaintiffs Arabica Funding, Inc.
and Caribou Coffee Company, Inc.

_____/

**<u>COMPLAINT</u>**

November 11, 2015

Plaintiffs Arabica Funding, Inc. ("Arabica") and Caribou Coffee Company, Inc. ("Caribou Coffee") (collectively, "Plaintiffs"), by their undersigned attorneys, for their complaint against Defendant Blue Caribou Café LLC ("Blue Caribou") state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      This is an action arising from Blue Caribou's misuse of Plaintiffs' trademarks. The claims alleged in this complaint arise under the Lanham Act, 15 U.S.C. §§1051 – 1141, and the Michigan Consumer Protection Act, M.C.L.A. §§455.901 – 445.922.

2.      Plaintiff Caribou Coffee is a Minnesota corporation with its headquarters in Minneapolis, Minnesota.  Caribou Coffee is the exclusive licensee of the trademarks supporting this action.  In its own coffee shops and through third-party retailers, Caribou Coffee sells products including coffee, tea, other food and beverage products, and related goods.  Caribou Coffee also provides related restaurant and other services.

3.      Plaintiff Arabica is a Delaware corporation with its principal place of business in Melville, New York.  Arabica is the owner of the trademarks supporting this action.

4.      Defendant Blue Caribou is a Michigan limited liability company that operates Blue Caribou Café, a coffee shop, restaurant, and ice cream parlor located at 8485 Orchard Hill Road, Beulah, Michigan 49617.

5.      This Court has subject matter jurisdiction over Plaintiffs' federal claims under 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.  This Court has supplemental jurisdiction over Plaintiffs' state law claim under 28 U.S.C. §1367.

6.      This Court has personal jurisdiction over Blue Caribou because it is a citizen of Michigan.

7.      Venue is proper in the Western District of Michigan under 28 U.S.C. §§1391(c) and 1400(a), because Blue Caribou resides in the District and a substantial part of the events giving rise to the claims occurred in the District.

## BACKGROUND

8.      Founded in 1992, Caribou Coffee is the second largest retail coffee-store chain in the United States, providing beverages and prepared food in over 500 coffee shop locations in eighteen states, the District of Columbia, and multiple foreign countries.  The company also provides CARIBOU COFFEE - branded products - including bagged coffee and single-serve coffee packs - for sale in third-party grocery and other retail stores in some forty states and from its website, www.cariboucoffee.com.

9.      Caribou Coffee has two coffee shop locations within the state of Michigan. Plaintiffs also provide CARIBOU COFFEE branded products for sale in grocery and retail stores across Michigan, including in at least one store within 40 miles of Blue Caribou Café.

**A.      Plaintiffs' CARIBOU Trademark Rights.**

10.      Since 1992, Caribou Coffee has continuously used the trademarks CARIBOU and CARIBOU COFFEE (collectively, the "CARIBOU Marks") to identify the source of the goods and services that it provides.

11.      Since 1992, Caribou Coffee has continuously used the trade name CARIBOU COFFEE.

12.      Since 2010, Caribou Coffee has continuously used the trademark Leaping Caribou and Shield Design in Color (pictured below):



3

13.     Arabica owns and Caribou Coffee licenses the following federal registrations (collectively, the "CARIBOU Registrations"), among many others:

(a)     CARIBOU, Registration No., 3,533,290, in Class 30, for "Ground and Whole Bean Coffee; Coffee and Coffee-Based Beverages; Ready-to-Drink Coffee; Espresso, Herbal Tea, and Tea Beverages; Sandwiches," registered on November 18, 2008;

(b)     CARIBOU COFFEE, Registration No. 2,609,319, in International Class 30, for "Ground and Whole Bean Coffee; Hot and Frozen Coffee; Espresso, Herbal Tea, and Tea Beverages; Baked Goods, Namely, Biscotti, Bread, Brownies, Cakes, Cookies, Muffins, Pastries, and Scones; Chocolate; Candy," and in Class 32 for "Beverage Smoothies," registered on August 20, 2002;

(c)     CARIBOU COFFEE, Registration No. 1,839,091, in Class 42, for "Restaurant services and retail store services in the field of coffee" in International Class 42, registered on June 7, 1994;

(d)     CARIBOU COFFEE, Registration No. 2,703,741, in Class 35, for "Retail store services, mail order catalog services and on-line retailing and ordering services featuring coffee, coffee brewing accessories, food and beverageware," registered on April 8, 2003;

(e)     CARIBOU COFFEE, Registration No. 3,401,155, in Class 30, for "sandwiches, granola-based snack bars," registered on March 25, 2008;

(f)     CARIBOU COFFEE, Registration No. 2,609,319, in Class 32, for "beverage smoothies," registered on August 20, 2002;

(g)     CARIBOU COFFEE, Registration No. 4,229,376, in Class 30, for "breakfast cereals and beverages with a chocolate base," registered on October 23, 2012;

(h)     Leaping Caribou and Shield Design in Color (pictured above in ¶ 12), Registration No. 3,935,457, in Class 30, for "Ground and Whole Bean Coffee; Coffee and Coffee-Based Beverages; Espresso, Herbal Tea, and Tea Beverages; Baked Goods, Namely, Biscotti, Bread, Brownies, Cakes, Cookies, Muffins, Pastries, and Scones; Chocolate; Candy; Sandwiches," registered on March 22, 2011;

(i)     Leaping Caribou and Shield Design in Color (pictured above in ¶12), Registration No. 3,941,678, in Class 35, for "Retail Store Services, and On-Line Retail Stores Services Featuring Coffee, Tea, Coffee and Tea Brewing Accessories, Food, and Beverageware; Retail Store Services in the Field of Coffee, Tea, Coffee and Tea Brewing Accessories, Food, and

4

Beverageware, Featuring a Bonus Incentive Program for Customers," registered on April 5, 2011; and

(j)     Leaping Caribou and Shield Design in Color (pictured above in ¶12), Registration No. 3,878,885, in Class 43, for "Restaurant Services; Office Coffee Supply Services; Providing News and Information in the Field of Drinks, Namely Coffee," registered on November 23, 2010.

14.     Plaintiffs have used many of the CARIBOU Registrations continuously since at least as early as 1992 and now possess valuable goodwill in all of the CARIBOU Registrations. Plaintiffs' exclusive rights in the CARIBOU Registrations are valid, subsisting, and with respect to several of the CARIBOU Registrations, incontestable.

**B.     Blue Caribou's Infringement of Plaintiffs' CARIBOU Registrations.**

15.     In November 2014, Plaintiffs became aware that Blue Caribou was operating Blue Caribou Café in Beulah, Michigan.

16.     On December 10, 2014, Plaintiffs' counsel sent a letter by Certified Mail to Eric Chorley, the Resident Agent for Blue Caribou, informing him of Plaintiffs' trademark rights in the CARIBOU Registrations, advising Blue Caribou that it was infringing Plaintiffs' trademark rights through its use of the BLUE CARIBOU CAFÉ and Blue Caribou Design marks (pictured below), and requesting that Blue Caribou "cease all use of the BLUE CARIBOU CAFÉ and Blue Caribou Design marks."  Blue Caribou did not respond to Plaintiffs' December 10, 2014 letter.



17.     Plaintiffs' counsel sent a follow-up letter by Certified Mail on January 21, 2015, enclosing the December 10th letter and requesting a response by February 11, 2015.  Blue Caribou did not respond to Plaintiffs' January 21, 2015 letter.

Detroit_7183136_2

18.     Plaintiffs' counsel sent a second follow-up letter by Certified Mail on April 28, 2015, enclosing the December 10th letter and requesting a response by May 19, 2015.  Plaintiffs advised that if Blue Caribou persisted in its infringement of the marks, Plaintiffs would be required to protect their trademark rights through the court system.  Blue Caribou has not responded to the April 28, 2015 letter and, to Plaintiffs' knowledge, continues its infringement of Plaintiffs' trademark rights.

19.     On information and belief, Blue Caribou caused the registration of the domain name BLUECARIBOUCAFE.COM on or about August 18, 2015.

20.     On information and belief, Blue Caribou caused such registration in order to trade upon Plaintiffs' good will.

21.     Plaintiffs have not licensed or otherwise approved Blue Caribou's use of the marks BLUE CARIBOU CAFÉ or Blue Caribou Design.

### FIRST CLAIM FOR RELIEF
### (<u>Federal Trademark Infringement</u>)

22.     Plaintiffs restate and reallege paragraphs 1 through 21 of this complaint.

23.     Arabica is the owner, and Caribou Coffee is the exclusive licensee, of the CARIBOU Registrations.

24.     Blue Caribou's use of the BLUE CARIBOU CAFÉ and Blue Caribou Design marks is likely to cause confusion, or to cause mistake or to deceive, and constitutes trademark infringement under Lanham Act § 32, 15 U.S.C. §1114.

25.     Blue Caribou's infringement of the CARIBOU Registrations has been, and continues to be, willful.

26.     Blue Caribou's actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined by this Court.

Detroit_7183136_2

27.     Blue Caribou's unlawful past and continuing actions are profiting and will continue to profit Blue Caribou.  Blue Caribou's actions are causing and will cause Plaintiffs monetary damage in amounts presently unknown but to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

28.     Plaintiffs restate and reallege paragraphs 1 through 27 of this complaint.

29.     Arabica owns common law rights in the CARIBOU Registrations, which Caribou Coffee licenses and uses.

30.     Blue Caribou's use of the BLUE CARIBOU CAFÉ and Blue Caribou Design marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Blue Caribou with Plaintiffs, or as to the origin, sponsorship, or approval of Blue Caribou's goods, services, or commercial activities by Plaintiffs.

31.     Blue Caribou's past and present actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Lanham Act §43(a), 15 U.S.C. §1125(a).

32.     Blue Caribou's unfair competition has been, and continues to be, willful.

33.     Blue Caribou's actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined.

34.     Blue Caribou's unlawful past and present actions are profiting and will profit Blue Caribou.  Blue Caribou's actions are causing and will cause Plaintiffs monetary damage in amounts presently unknown but to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Federal Anticyberpiracy Consumer Protection Act)

35.     Plaintiffs restate and reallege paragraphs 1 through 34 of this complaint.

Detroit_7183136_2

36.     Arabica is the owner, and Caribou Coffee is the exclusive licensee, of the CARIBOU Registrations.

37.     On information and belief, Blue Caribou, with a bad faith intent to profit from those marks, registered, trafficked in, and/or used the domain name BLUECARIBOUCAFE.COM in violation of Lanham Act §43(d), 15 U.S.C. §1125(d).

38.     Blue Caribou's infringement of the CARIBOU Registrations has been, and continues to be, willful.

39.     Blue Caribou's actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Michigan Consumer Protection Act)

40.     Plaintiffs restate and reallege paragraphs 1 through 39 of this complaint.

41.     Plaintiffs' CARIBOU Registrations are distinctive and well-known in the state of Michigan.

42.     Blue Caribou's adoption and continuing use of the BLUE CARIBOU CAFÉ and Blue Caribou Design marks is in violation of the Michigan Consumer Protection Act, M.C.L.A. §445.903 (1)(a), (c), because the use is probable to cause confusion or misunderstanding as to:

(a)     the source of Blue Caribou's goods, services, or commercial activities and sponsorship, or approval of Blue Caribou's goods, services, or commercial activities; and

(b)     the sponsorship or approval of Blue Caribou's goods, services, or commercial activities by Plaintiffs.

43.     Blue Caribou's actions in Michigan have caused, and will continue to cause, irreparable harm to Plaintiffs unless permanently enjoined.

8

44. Blue Caribou has profited from its actions in Michigan and will continue to profit from it. Blue Caribou's actions are causing and will cause Plaintiffs monetary damage in amounts presently unknown and to be determined at trial.

45. Blue Caribou's violation of the Michigan Consumer Protection Act is, and continues to be, willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court enter judgment in favor of Plaintiffs and against Blue Caribou:

(a)    Preliminarily and permanently enjoining and restraining Blue Caribou, Blue Caribou's officers, agents, subsidiaries, servants, partners, employees, attorneys and all others in active concert or participation with Blue Caribou, from using Plaintiffs' CARIBOU Registrations, or any confusingly similar designations, whether alone or in combination with other words or designs, as trademarks, service marks, trade name components, or otherwise;

(b)    Requiring Blue Caribou to deliver up for destruction all marketing materials, packaging, and other items in the possession or control of Blue Caribou that bear names or marks that infringe Plaintiffs' CARIBOU Registrations;

(c)    Requiring Blue Caribou to account for and pay over to Plaintiffs Blue Caribou's profits and all damages sustained by Plaintiffs;

(d) Requiring Blue Caribou to immediately transfer to Caribou Coffee ownership of the infringing domain name BLUECARIBOUCAFE.COM

(e)    Increasing the amount of damages and/or profits awarded Plaintiffs as appropriate pursuant to 15 U.S.C. § 1117(a), and other applicable law.

Detroit_7183136_2

(f)     Awarding Plaintiffs reasonable attorney fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a); M.C.L.A. §445.911 (2); and other applicable law; and

(g)     Awarding Plaintiffs such other relief as the Court may deem just and proper.

Respectfully submitted,

BODMAN PLC

By:     /s/ Dennis J. Levasseur
        Dennis J. Levasseur (P39778)
        Bridget M. Hathaway (P76409)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7596
dlevasseur@bodmanlaw.com
bhathaway@bodmanlaw.com

        - and –

DORSEY & WHITNEY LLP
By:     Elizabeth C. Buckingham
        (MN Bar No. 243152)
        Peter M. Lancaster
        (MN Bar No. 159840)
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
(612) 340-7811
Buckingham.Elizabeth@dorsey.com
Lancaster.Peter@dorsey.com

Attorneys for Plaintiffs Arabica Funding, Inc. and Caribou Coffee Company, Inc.

November 11, 2015
Detroit, Michigan